No. 76.—JOSEPH T. SWAN v. ANN L. GAYLE, Administratrix.

The Parish Court is without jurisdiction *ratione materia* in a suit where a succession is either plaintiff or defendant, and the amount claimed is above five hundred dollars. Constitution, article 87.

The act of the Legislature approved October 6, 1868, No. 141, entitled "An act further defining the jurisdiction of parish courts in succession cases," is unconstitutional, null and void, because the object of the statute is not expressed in the title. Constitution, article 73.

APPEAL from the Parish Court of the parish of Ouachita. *Ray*, Parish Judge. *Robert J. Caldwell*, for plaintiff and appellee. *Isaiah Garrett*, for defendant and appellant. '

LUDELING, C. J. The plaintiff sued the administratrix of the succession of W. H. Gayle in the Parish Court, and he prayed for judgment against the administratrix for upwards of five thousand dollars, and for the recognition of his mortgage on certain property situated in the parish of Ouachita. He also prayed for the sale of the mortgaged property to pay his debts, according to law. The appellant has insisted, in this court, that the Parish Court which tried this case was without jurisdiction *ratione materia*.

If this be true, the judgment rendered by that court is void. C. P., article 92. And we can not give vitality or validity to that judgment, because an " appellate court never can give a judgment which the court *a qua* could not." 5 N. S. 10.

It is our duty, therefore, to notice *ex officio* the want of jurisdiction *ratione materia*.

The question presented is, whether the Parish Court has jurisdiction in a suit wherein a succession is plaintiff or defendant, when the amount in controversy exceeds five hundred dollars ? Article eighty-seven of the constitution of 1868, fixing the jurisdiction of the parish courts, declares that they " shall have concurrent jurisdiction with justices of the peace in all cases where the amount in controversy is more than twenty-five dollars and less than one hundred dollars, exclusive of interest. They shall have exclusive *original* jurisdiction in *ordinary suits*, in all cases where the amount in dispute exceeds one hundred dollars, and does not exceed five hundred dollars.

" All successions shall be opened and settled in the parish courts ; and *all suits in which a succession is either plaintiff or defendant* may be brought either in the parish or district courts, *according to the amount involved*," etc.

It appears from the journals of the convention that this article was changed after the convention had once adopted it in a different form. When originally reported by the judiciary committee, the article contained the following sentence : " In *probate matters* they shall have *concurrent* jurisdiction with the district courts in all cases where there exists a contestation or suit, and *the amount in dispute* exceeds five hundred dollars." This was stricken out, and in lieu thereof the following was substituted : " And all suits in which *a succession is either plaintiff or defendant* may be brought either in the parish or district court, according to the amount involved."

As the article originally stood, the plaintiff had the option to file his suit either in the parish or district court, where he had a claim for money *against a succession*, and the amount exceeded five hundred dollars.

As the article was finally adopted, it confers the right on the plaintiffs to sue in the parish court whenever the amount claimed does not exceed five hundred dollars, and a succession is either the plaintiff or defendant. And where the sum demanded exceeds five hundred dollars, and a succession is a party to the suit, the plaintiff must bring the suits in the district court. Thus, it is the *amount alone* which determines

whether the parish or the district court have jurisdiction. That inconveniences and delays in the settlement of successions may result from this change in article eighty-seven of the constitution may be true. But that will not justify us in torturing a meaning out of the words of the article which they cannot fairly be made to bear. The evil can only be remedied by amending the constitution.

It is contended that the General Assembly has given a legislative interpretation to this article of the constitution in act number one hundred and forty-one, adopted in 1868. It is not the province of the General Assembly to interpret the provisions of the constitution for courts. If the object of the law was to explain or interpret the article of the constitution, as the title of the act would indicate—" an act further defining the jurisdiction of the parish courts in succession cases "—then the General Assembly transcended its powers and trenched upon the jurisdiction of the courts, as only legislative powers are vested in the General Assembly. Article fifteen of the Constitution of 1868.

The judicial powers of the government are vested in the courts. Article seventy-three of the constitution of 1868.

If, on the other hand, the object of the law was to confer other jurisdiction on the parish courts, the law is obnoxious to two constitutional objections: First, that the object of the law is not expressed in its title. Article 114, constitution of 1868. Second, that the General Assembly had not the power to *change* the jurisdiction fixed or limited in the constitution—they could not amend the constitution. Article 147, constitution of 1868.

*First—Defining* the jurisdiction is a very different thing from *extending* or *enlarging* the jurisdiction. As the term is used in the title of the act in question, it means *explaining, interpreting.* Hence the title does not express the object of the law.

*Second—*The clause in article eighty-seven, " and such other jurisdiction as may be conferred on them by law," permitted the General Assembly to grant to parish courts " other jurisdiction "· in matters where the constitution had not defined, fixed or limited it; but it did not authorize the Legislature to change or amend the constitution itself. For example, it did not empower the General Assembly to give the parish courts *original* jurisdiction in *ordinary civil suits,* when the amount exceeded five hundred dollars, or to try capital cases, or to give them appellate jurisdiction from the district courts. We are constrained, therefore, to declare the act number 141 of the General Assembly of the State of Louisiana, adopted October 6, 1868, entitled " An act further defining the jurisdiction of the parish courts in succession cases," unconstitutional, and therefore null and void.

In this case the amount in controversy exceeds five hundred dollars, and the parish court was without jurisdiction to try it *ratione materia.*

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be avoided and annulled. It is further ordered that the suit be dismissed, and that the plaintiff and appellee pay the costs · of both courts.

Rehearing refused.